## MORROW v STATE

Ohio Appeals, 2nd Dist, Greene Co

No 369.   Decided June 10, 1932

Frank L. Johnson, Xenia, for plaintiff in error.

Marcus McCallister, Prosecuting Attorney, Xenia, for defendant in error.

BY THE COURT

Plaintiff in error assigns a number of grounds of error in his petition in error and the same are pressed in the brief of counsel for plaintiff in error.

We have considered the briefs of counsel and have read the record in this case, but shall not attempt to quote therefrom in detail.  Counsel are familiar with the same and it will be unnecessary so to do.

From a reading of the record, we are of opinion that if the jury believed the testimony of certain of the witnesses, such as the witnesses, Thomas, Osborn, Mrs. Liming, and certain circumstances disclosed by the record, that they were warranted in finding the plaintiff in error guilty of larceny.

Counsel for plaintiff in error in their brief complain of the failure of the trial

court to definitely define larceny and complain of the charge of the court in other respects as the same dealt with the crime of larceny. It will be unnecessary to discuss what constituted larceny under the common law or what may have been the statutory rule in Ohio at prior times. It is sufficient to deal with the crime of larceny as at present defined by the Code.

Sec 12447 GC provides that:

"Whoever steals anything of value is guilty of larceny."

On page 123 of the charge, being the portion above quoted, the court stated to the jury that the only question under the indictment at present submitted was for the unlawful stealing and carrying away of the property therein described.

On page 126 the court stated to the jury.

"If he was present and participated in any way in the taking and carrying away of the goods removed at the time from the premises as charged in the indictment he would be guilty of the offense charged."

We find no prejudicial error in the charge of the trial court in the above respects.

Serious complaint is made to the following portion of the charge of the trial cuort, namely,

"If the defendant was present and participated in any way in the taking and carrying away of the goods removed at this time from the premises as charged in the indictment, he would be guilty of the offense charged, whether he actually physically handled any of the goods, or if he was there present and participated in any way, either by guarding others or by simply watching what was going on."

The portion of the above quoted charge to which exception is especially taken relates to the folowing words:

"or by simply watching what was going on."

We think when the entire sentence is read that the charge could not have misled the jury as the watching relates back to the participation in any way in the transaction. These words do not constitute an aproved charge but when the entire sentence is read, we are of opinion that the jury could not have been misled by the use of these words and must have known that the watching related back to the participation in the entire transaction. Assuming however that we are wrong in this conclusion we find on page 128, after the general charge of the court, and at the request of counsel for plaintiff in error, the court charged the jury as follows:

"The court will further instruct the jury that if the defendant was present and there was no conspiracy shown, and if he did not participate in the offense charged in any way, he would not be guilty merely from the mere fact of his being present, unless a conspiracy was shown beforehand. But if he did in any way participate, by watching or by any other means or by taking any of the property himself he would be guilty."

We think with this statement by the trial court the jury could not have been misled.

We think the trial court also properly refused to give the charge in reference to intoxication as requested by counsel for plaintiff in error. The requested charge is incomplete: Not in harmony with the rule stated in 119 Oh St, 189 and is not supported by the testimony of plaintiff in error. See page 108 of record.

When the charge of the court is read and considered as a whole, we are of opinion that the case was fully and fairly presented to the jury for its consideration.

We find no prejudicial error in the refusal of the trial court to grant a new trial.

We have considered all of the grounds of error assigned by counsel for plaintiff in error, but finding nothing therein which we consider prejudicial to plaintiff in error, the judgment of the trial court will be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.

HORNBECK, J, concurs in judgment.